# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PBS BRAND CO., LLC, *et al.*, | Case No. 20-13157-JTD |
| Debtors.[1] | (Jointly Administered) |

## ORDER APPROVING STIPULATION GRANTING COLIN BROWN LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the *Stipulation Granting Colin Brown Limited Relief from the Automatic Stay* (the "Stipulation")[2], entered into by and among Colin Brown, on the one hand, and the Debtors, on the other hand, a copy of which is attached hereto as Exhibit 1, and the related *Certification of Counsel Regarding Proposed Order Approving Stipulation Granting Colin Brown Limited Relief From the Automatic Stay*; and having determined that this Court has jurisdiction to enter this Order in accordance with 28 U.S.C. §§ 157 and 1334, the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and having determined that due and appropriate notice of the relief provided for herein has been given under the circumstances; and the Court having determined that the agreements set forth in the Stipulation are in the best interests of the Debtors, their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are (1) PBS Brand Co., LLC, a Delaware limited liability company (7897), (2) Punch Bowl Social, Inc., a Delaware corporation (9826), (3) Punch Bowl Arlington, LLC, a Delaware limited liability company (7250), (4) Punch Bowl Atlanta Battery, LLC, a Delaware limited liability company (8973), (5) Punch Bowl Austin, LLC, a Delaware limited liability company (0366), (6) Punch Bowl Chicago West Loop, LLC, a Delaware limited liability company (4024), (7) Punch Bowl Cleveland, LLC, a Delaware limited liability company (8583), (8) Punch Bowl Dallas Deep Ellum, LLC, a Delaware limited liability company (8239), (9) Punch Bowl, LLC, a Colorado limited liability company (2287), (10) Punch Bowl Indianapolis, LLC, a Delaware limited liability company (0144), (11) Punch Bowl Minneapolis, LLC, a Delaware limited liability company (9815), (12) Punch Bowl Sacramento, LLC, a Delaware limited liability company (8092), (13) Punch Bowl SanDiego, LLC, a Delaware limited liability company (6440), (14) Punch Bowl Austin Congress, LLC a Delaware limited liability company (0964), and (15) Punch Bowl Ranchocucamonga, LLC, a Delaware limited liability company (6646).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Stipulation.

12750532/1

estates, their creditors and other parties in interest; and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Stipulation attached to this Order as <u>Exhibit 1</u> is hereby APPROVED.

2. The Automatic Stay is hereby modified solely to the extent set forth in the Stipulation. Except as set forth in the Stipulation, the Automatic Stay shall remain in full force and effect.

3. This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order or the Stipulation.

4. This Order and the Stipulation shall become effective immediately upon entry of this Order notwithstanding anything in the Federal Rules of Bankruptcy Procedure or otherwise to the contrary.

**Dated: March 12th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT 1

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PBS BRAND CO., LLC, *et al.*, | Case No. 20-13157-JTD |
| Debtors.[1] | (Jointly Administered) |

## STIPULATION GRANTING COLIN BROWN
## LIMITED RELIEF FROM THE AUTOMATIC STAY

The above-captioned debtors and debtors in possession (the "Debtors"), and Colin Brown (the "Movant" and together with the Debtors, the "Parties"), through their undersigned counsel, hereby enter into this stipulation (the "Stipulation") as follows:

WHEREAS on December 21, 2020 all of the Debtors except for Punch Bowl Austin Congress, LLC and Punch Bowl Ranchocucamonga, LLC, and on December 31, 2020, Punch Bowl Austin Congress, LLC and Punch Bowl Ranchocucamonga, LLC (the "Austin Congress and Ranchocucamonga Debtors" and together with the Original Debtors, the "Debtors") filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date") in the United States Bankruptcy Court for the District of Delaware (the "Court") (together, the "Chapter 11 Cases");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are (1) PBS Brand Co., LLC, a Delaware limited liability company (7897), (2) Punch Bowl Social, Inc., a Delaware corporation (9826), (3) Punch Bowl Arlington, LLC, a Delaware limited liability company (7250), (4) Punch Bowl Atlanta Battery, LLC, a Delaware limited liability company (8973), (5) Punch Bowl Austin, LLC, a Delaware limited liability company (0366), (6) Punch Bowl Chicago West Loop, LLC, a Delaware limited liability company (4024), (7) Punch Bowl Cleveland, LLC, a Delaware limited liability company (8583), (8) Punch Bowl Dallas Deep Ellum, LLC, a Delaware limited liability company (8239), (9) Punch Bowl, LLC, a Colorado limited liability company (2287), (10) Punch Bowl Indianapolis, LLC, a Delaware limited liability company (0144), (11) Punch Bowl Minneapolis, LLC, a Delaware limited liability company (9815), (12) Punch Bowl Sacramento, LLC, a Delaware limited liability company (8092), (13) Punch Bowl SanDiego, LLC, a Delaware limited liability company (6440), (14) Punch Bowl Austin Congress, LLC a Delaware limited liability company (0964), and (15) Punch Bowl Ranchocucamonga, LLC, a Delaware limited liability company (6646).

12750532/1

WHEREAS on February 16, 2021, Colin Brown (the "Movant") filed his *Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(D)* [Docket No. 298] seeking limited relief from the automatic stay so that Movant may commence and pursue prosecution of an employment discrimination and wrongful termination claim (the "Civil Action") to be pursued in Virginia against one or more of the Debtors and possibly third-parties;

WHEREAS, upon the filing of the Debtors' chapter 11 petitions, the automatic stay (the "Automatic Stay") of section 362 of the Bankruptcy Code came into effect and stayed certain actions against the Debtors, including the ability of Movant to pursue his Civil Action;

WHEREAS, the Parties informally communicated and reached an agreement where Debtors would consent to the Bankruptcy Court's entry of an order modifying the Automatic Stay to permit Movant to pursue the Civil Action and seek any satisfaction therefrom solely from any insurance proceeds ("Insurance Proceeds") available under any of the Debtors' applicable insurance policies (an "Insurance Policy");

WHEREAS, the Debtors have agreed to the modification of the Automatic Stay to enable the Movant to pursue the Civil Action and to seek any recovery on account of the Civil Action against the Debtors solely from any Insurance Proceeds, solely to the extent provided herein; and

WHEREAS, through their counsel, the Parties have conferred and engaged in negotiations with respect to the modification of the automatic stay and have resolved, as provided for herein, the issues raised by such request without the need for further motion practice.

**NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING PREMISES, THE MUTUAL COVENANTS HEREIN CONTAINED, AND FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS**

**ACKNOWLEDGED BY ALL PARTIES, THE PARTIES HERETO AGREE TO THE FOLLOWING TERMS, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT**:

1. The automatic stay is modified solely to the extent necessary to permit the Movant to commence and pursue the Civil Action and access any Insurance Proceeds in relation to any recovery therefrom.

2. The Debtors make no representation as to the existence or availability of any insurance coverage or insurance policies, the amount of coverage, or the likelihood of recovery against any such insurance policies, if any.

3. Any all proofs of claim filed or to be filed by Movant in these Chapter 11 Cases relating to the Civil Action are and will be expunged, and Movant shall not be entitled to receive any distributions from any of the Debtors, their estates, or their successors in their Chapter 11 Cases, under any plan of reorganization, or otherwise on account of or related to the Civil Action.

4. Movant agrees to waive any argument that the Debtors, their estates, or their successors shall be required to pay or otherwise satisfy: (a) any self-insured retention or deductible liability; (b) any obligation to post any security or deposit with an insurer pursuant to the terms of any insurance policy; (c) any defense costs; (d) any judgment above the applicable insurance coverage; or (e) any other costs of any kind, including, without limitation, any claims by insurance companies against the Debtors, their estates, or their successors related to the Civil Action or any claims related thereto (collectively, the "Administrative Costs").

5. Nothing in this Stipulation will limit Movant's rights as to any non-Debtor.

6. This Stipulation shall not become effective unless and until it is approved and entered by the Court.

7. By entering into this Stipulation and Order, the Debtors are not waiving any defenses at law or in equity, including as to the Civil Action or any claims related thereto.

8. Neither the Stipulation and Order nor any negotiations and writings in connection with this Stipulation and Order shall in any way be construed as or deemed to be evidence of an admission on behalf of any Party regarding any, without limitation, claim, counterclaim, cause of action, right, and defense that such Party may have against the other Party.

9. This Stipulation and Order shall be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns.

10. This Stipulation and Order shall not be modified, altered, amended, or vacated without written consent of all Parties hereto. Any such modification, alteration, amendment, or vacation in whole or in part, shall be subject to the approval of the Court.

11. This Stipulation and Order contains the entire agreement by and between the Debtors and Movant with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and Order.

12. Each of the undersigned counsel represents that she or he is authorized to execute this Stipulation and Order on behalf of her or his respective client.

13. This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

14. The Debtors are authorized to take all actions necessary to effectuate the relief provided by this Stipulation and Order.

4

12750532/1

15. The terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon its entry.

16. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Order.

STIPULATED and AGREED to this 12th day of March 2021.

| | |
|---|---|
| */s/ Christopher D. Loizides* | */s/ Sarah M. Ennis* |
| Christopher D. Loizides (No. 3968) | Jeffrey R. Waxman (DE Bar No. 4159) |
| LOIZIDES, P.A. | Eric J. Monzo (DE Bar No. 5214) |
| 1225 King Street, Suite 800 | Brya M. Keilson (DE Bar No. 4643) |
| Wilmington, DE 19801 | Sarah M. Ennis (DE Bar No. 5745) |
| Telephone: (302) 654-0248 | MORRIS JAMES LLP |
| Facsimile: (302) 654-0728 | 500 Delaware Avenue, Suite 1500 |
| E-mail: loizides@loizides.com | Wilmington, DE 19801 |
| | Telephone: (302) 888-6800 |
| *Counsel for Colin Brown* | E-mail: jwaxman@morrisjames.com |
| | E-mail: emonzo@morrisjames.com |
| | E-mail: bkeilson@morrisjames.com |
| | E-mail: sennis@morrisjames.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |