UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| COLIN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-00416 (TSE/IDD) |
| | ) |
| PUNCH BOWL ARLINGTON, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff, Colin Brown's, Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b) against Defendant, Punch Bowl Arlington, LLC. Dkt. No. 10. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

**I. INTRODUCTION**

On April 2, 2021, Plaintiff filed this action under the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments of 2009, 42 U.S.C. § 12101 *et seq*. ("ADA"). *See* Compl. ¶ 1. In his Complaint, Plaintiff seeks relief from Defendant's alleged discriminatory and retaliatory conduct against him due to his disability and for engaging in a protected activity. *Id*.

**A. Jurisdiction and Venue**

For a court to render default judgment against a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has

subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under the American with Disabilities Act, a federal statute.

Pursuant to Rule 4(k) of the Federal Rules of Civil Procedure, service of a summons establishes personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(k). Defendant Punch Bowl is a foreign corporation registered to do business in Virginia and operated a restaurant and entertainment center in Arlington, Virginia. Therefore, the Defendant is subject to the jurisdiction of this Court, which is also located in Virginia. Pl.'s Mem. in Supp. of Mot. for Entry of Default J. at 4, Dkt. No. 12. As discussed below, on June 21, 2021, Plaintiff properly served Punch Bowl through its registered agent in compliance with Federal Rule of Civil Procedure 4(k). Dkt. No. 6. Therefore, this Court has personal jurisdiction over Defendant.

Finally, as to venue, a civil action may be brought in a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). In this case, the alleged conduct giving rise to the claim took place within this judicial district. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under Rule 4(h)(1)(B), a domestic corporation must be served by delivering a copy of the summons and complaint to an officer or any other agent authorized to receive service of process. FED. R. CIV. P. 4(h)(1)(B). On June 21, 2021, at 1:25 p.m., Plaintiff served Defendant Punch Bowl through its registered agent at 4701 Cox Road, #285, Glen Allen, Virginia 23060. Dkt. No. 6. Therefore, Plaintiff properly served Defendant pursuant to Rule 4(h).

### C. Grounds for Default

Plaintiff filed his Complaint on April 2, 2021. Dkt. No. 1. On July 15, 2021, counsel for

the Plan Administrator for the Defendant, in its Chapter 11 bankruptcy case, confirmed that Defendant had received a copy of the Complaint. Pl.'s Mem. in Supp. of Mot. for Entry of Default J. at 2, Dkt. No. 12. Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On July 21, 2021, Plaintiff filed a Request for Entry of Default with the Clerk. *Id.*; Dkt. No. 7. The following day, on July 22, 2021, the Clerk entered default against the Defendant, and the Honorable T.S. Ellis, III, United States District Judge for the Eastern District of Virginia, ordered that Plaintiff immediately file a Motion for Default Judgment and accompanying memorandum in support against the Defendant. Dkt. Nos. 8-9. On August 5, 2021, Plaintiff filed a Motion for Default Judgment and accompanying memorandum in support of its motion. Dkt. Nos. 10, 12. On August 27, 2021, the undersigned Magistrate Judge conducted a hearing on the matter. Dkt. No. 13. After Defendant failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not,

however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

Plaintiff asserted three claims in this Complaint against the Defendant: (1) discrimination based on disability; (2) hostile work environment; (3) and retaliation. Because Plaintiff seeks to recover the same relief on each claim, it is not necessary to address all of them. The following recommendation is limited to the disability discrimination claim because it is the central allegation in this matter, and the facts alleged support a finding of liability.

### III.   FACTUAL FINDINGS AND ANALYSIS

The undersigned Magistrate Judge makes the following findings of fact based on the

Complaint; the Motion for Default Judgment and memorandum in support thereof; and the documents submitted in proof of damages. [1]

Plaintiff, Colin Brown ("Plaintiff" or "Mr. Brown"), is a resident and citizen of Arlington, Virginia. Compl. ¶ 4. Mr. Brown was born with cerebral palsy, a condition which substantially limits his ability to perform major activities and renders everyday activities which involve balance, coordination, and movement, more difficult. *Id.* ¶¶ 5-6. Defendant Punch Bowl Arlington, LLC ("Defendant" or "Punch Bowl") is a foreign corporation registered to do business in the state of Virginia. *Id.* ¶ 8. In early December 2018, Mr. Brown interviewed for a dishwasher position at Punch Bowl and during his interview, he disclosed his diagnosis of cerebral palsy. *Id.* ¶ 12-13. Following the interview, Punch Bowl hired Mr. Brown as a dishwasher and to assist with food preparation and trash disposal, at a rate of $9.00 per hour. *Id.* ¶ 16-17.

The Complaint alleges that Punch Bowl paid other dishwashers more than Mr. Brown, with other dishwashes hired at the same time making as much as $13.00 per hour compared to the $9.00 hourly rate to Mr. Brown. *Id.* ¶¶ 18-19. The Complaint also alleges that almost immediately after he began his employment, Mr. Brown was subjected to aggressive yelling and harassment by Brian Dunbar ("Dunbar"), Executive Chef at Punch Bowl and one of Mr. Brown's supervisors. *Id.* ¶¶ 11, 21-27. In late December 2018, Mr. Brown reported Dunbar's behavior to the General Manager, who told Mr. Brown she did not want to discuss the issue with him. *Id.* ¶¶ 30-31. On or about January 14, 2019, Dunbar mocked Mr. Brown's movements and told Mr. Brown that Mr. Brown was a liability. *Id.* ¶¶ 36-38. That evening, Punch Bowl terminated Mr. Brown's employment

---

[1] Because Defendant failed to answer Plaintiff's Complaint, Defendant admits Plaintiff's factual allegations. "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." FED R. CIV. P. 8(b)(6); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

without justification. *Id.* ¶ 39, 41.

On August 23, 2019, Mr. Brown timely filed a charge of discrimination against Defendant based on disability discrimination, hostile work environment, and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 44. The EEOC issued Mr. Brown a Notice of Right to Sue in this matter on November 17, 2020. *Id.* ¶ 45. Although Defendant's Chapter 11 bankruptcy filing initially prohibited Mr. Brown from filing his complaint, on March 12, 2021, the parties stipulated to the release of Mr. Brown's claims from the automatic stay. *Id.* ¶¶ 47-48. Subsequently, on April 2, 2021, Mr. Brown filed his Complaint. Dkt. No. 1. Pursuant to that Complaint, he seeks economic damages in the amount of $65,609.81, $300,000 in emotional distress damages, $34,648.50 in attorneys' fees, and litigation expenses totaling $3,084.66. Pl.'s Mem. in Supp. of Mot. for Entry of Default at 12-13, 18.

### Count I – Disability Discrimination Claim

To establish a prima facie case for disability discrimination under the ADA, a plaintiff must prove: (1) he has a disability; (2) he is a 'qualified individual' for the employment in question; and (3) his employer took an adverse employment action against him because of his disability. *See, e.g. EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000). "Disability discrimination may be proven through direct and indirect evidence or through the McDonnell Douglas burden-shifting framework." *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 572 (4th Cir. 2015) (*citing Raytheon Co. v. Hernandez*, 540 U.S. 44, 49—50 & n. 3 (2003)). A qualified individual is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42. U.S.C. § 12111(8).

Here, the undersigned finds that Plaintiff Colin Brown has sufficiently established that

Defendant Punch Bowl discriminated against him because of his disability for the following reasons. First, Mr. Brown has a disability, cerebral palsy, which affects major life activities as defined by the ADA. Pl.'s Mem. in Supp. of Mot. for Entry of Default at 7.

Second, Mr. Colin Brown is a qualified individual for the employment in question. In that regard, Mr. Brown was hired as a dishwater, and despite his cerebral palsy, was able to perform the essential function of his position without reasonable accommodation. In fact, apart from Mr. Dunbar, Mr. Brown received praise from his coworkers and other managers about his work performance. Compl. ¶ 29.

Furthermore, Mr. Brown was terminated because of his disability. Mr. Dunbar, Brown's supervisor, yelled at Mr. Brown to work faster, mocked his movements, and told him he was a liability. *Id.* ¶¶ 23, 36-38.  In December of 2018, Brown reported the alleged harassment to the General Manager and was terminated on January 14, 2019. *Id.* ¶¶ 30, 39. Upon his termination, Ernesto, a representative of Punch Bowl, told Mr. Brown there were no concerns about his performance but did not provide Mr. Brown with a reason for his termination. *Id.* ¶¶ 40-41. In light of the ongoing harassment toward Mr. Brown, the fact that he has cerebral palsy, the fact that dishwashers without cerebral palsy were treated differently than Mr. Brown, and Punch Bowl's failure to provide a legitimate nondiscriminatory reason for Mr. Brown's termination, the undersigned finds sufficient evidence to conclude that Defendant Punch Bowl discriminated against Mr. Brown because of his disability.

### A.  Lost Wages and Compensatory Damages

A plaintiff who successfully demonstrates intentional discrimination under the ADA is entitled to compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42

U.S.C. § 1981(b)(3). Accordingly, Plaintiff seeks $65,609.81 in economic damages and $300,000.00 in emotional distress damages. Pl.'s Mem. in Supp. of Mot. for Entry of Default at 12-13. Regarding Plaintiff's request for economic damages, Plaintiff is entitled to $642.05, the difference between what he was paid and what other dishwashers at Punch Bowl were paid during his tenure of employment. Pl.'s Mem. in Supp. of Mot. for Entry of Default at 11-12; Dkt. No. 15.

Plaintiff Brown also seeks backpay in the amount of $64,967.76, which represents Mr. Brown's lost wages for the 132 weeks he has been out of work at the proper pay rate of $492.18 per week. Dkt. No. 15 at 2. Considering the totality of Plaintiff's personal, financial, and physical limitations, as well as the economic climate due to the coronavirus pandemic, the Court is satisfied that Plaintiff Brown used reasonable diligence in finding other suitable employment. *See* Dkt. No. 15. Therefore, the undersigned recommends that Plaintiff be awarded back pay in the amount of $64,967.76. *Id.*

Plaintiff also requests emotional distress damages in the amount of $300,000.00. *Id.* ¶ 13. While Plaintiff alleges that he suffered physical manifestations of emotional distress, humiliation, and shame, he provides no basis in law or fact to support the requested amount. In that regard, Plaintiff did not provide any medical documentation or proof that he sought medical assistance in light of his emotional distress, nor did he provide declarations or affidavits of friends or family members noting any change. Notwithstanding, the undersigned recommends an award of $20,000 to compensate Plaintiff for his shame and humiliation.

Accordingly, the undersigned recommends an award of $85,609.81 to compensate Plaintiff for his economic damages.

### B. Attorney's Fees and Costs

The ADA provides that a court "in its discretion, may allow the prevailing party... a reasonable attorney's fee." *Small v. Dellis*, 211 F.3d 1265 (4th Cir. 2000) citing 42 U.S.C. § 12205 (1994). Plaintiff requests $34,864.50 in attorney's fees and costs and other expenses in the amount of $3,084.66. Pl.'s Mem. in Supp. of Mot. for Entry of Default, ¶¶ 13-14. Regarding attorney's fees, Plaintiff submitted time sheets and Declarations from two attorneys, Ms. Craumer and Ms. Herrmann, as well as the principal of the law office, Mr. Erlich. *Id.*; Ex. Nos. 5-6. The total time spent by counsel on this matter was 58.8 hours at hourly rates ranging from $550-$645. *Id.* Having reviewed the Memorandum in Support of Default Judgment and supporting declarations thereto, the undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable.

Plaintiff also requests $3,084.66 for fees incurred in pursuing this action. Pl.'s Mem. in Supp. of Mot. for Entry of Default at 13. In that regard, Mr. Brown seeks $402.00 for the filing fee, $2,522.66 for bankruptcy counsel, $155.00 for service on Defendant, and $5.00 notary fee. *Id.*

Therefore, the undersigned recommends an award of $34,864.50 in attorney's fees and $3,084.66 in fees.

### IV. <u>RECOMMENDATION</u>

The undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiff Colin Brown against Defendant Punch Bowl Arlington, LLC. In sum, Plaintiff is entitled to economic damages in the total amount of $85,609.81 and attorney's fees and costs in the amount of $37,949.16, for a grand total of $123,558.97.

## V.     NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following addresses:

CT Corp National
Registered Agents – Punch Bowl Arlington
4701 Cox Road Ste. 285
Glen Allen, VA 23060

Morgan Patterson
Womble Bond Dickinson (US) LLP
1313 North Market Street
Suite 1200
Wilmington, DE 19801

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

December 29, 2021
Alexandria, Virginia